UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

| Case No. | SACV 18-02053 AG (JDEx) (Lead Case) | Date | August 9, 2019 |
|---|---|---|---|
| | SACV 18-02054-AG(JDEx) | | |
| | SACV 18-02224-AG(JDEx) | | |
| | SACV 19-00196-AG (JDEx) | | |
| | SACV 19-00428-AG (JDEx) | | |
| | SACV 19-00477-AG (JDEx) | | |
| Title | UNILOC 2017 LLC v. MICROSOFT CORPORATION (same name for all case nos.) | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO STAY CONSOLIDATED CASES PENDING INTER PARTES REVIEW PROCEEDINGS (DKT. NO. 78)**

Uniloc 2017 has twelve separate pending lawsuits in this District against Microsoft for patent infringement. Six of them are currently consolidated for pretrial purposes before this Court. (The other six are set to come in for a Scheduling Conference before this Court on September 9, 2019.)

Microsoft previously asked the Court to stay just one of the consolidated cases on the basis that it had filed petitions for *inter partes* review against the asserted patent in that particular case. (Dkt. 48.) The Court denied the request, noting, among other concerns, that apparent technological overlap between that case and the other consolidated cases weighed against a stay.

Microsoft now asks the Court to stay all six of the consolidated cases pending *inter partes* review proceedings. (Dkt. 78.) Having reviewed the papers, the Court finds that oral argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-02053 AG (JDEx) (Lead Case) | Date | August 9, 2019 |
|---|---|---|---|
| | SACV 18-02054-AG(JDEx) | | |
| | SACV 18-02224-AG(JDEx) | | |
| | SACV 19-00196-AG (JDEx) | | |
| | SACV 19-00428-AG (JDEx) | | |
| | SACV 19-00477-AG (JDEx) | | |
| Title | UNILOC 2017 LLC v. MICROSOFT CORPORATION (same name for all case nos.) | | |

isn't necessary. L.R. 7-15. The hearing set for August 19, 2019 on this motion only is **VACATED** and the matter is taken **UNDER SUBMISSION**. The motion is **GRANTED**.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am., Co.*, 299 U.S. 248, 254 (1936). This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). In determining whether a stay is appropriate pending PTO proceedings, courts generally consider three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). But ultimately, "the totality of the circumstances governs." *Id.* at 1130.

This case is still in its early stages. The parties are set to file their opening claim construction briefs on August 16, 2019. The stage of these cases supports a stay. *See Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015).

Now that Microsoft itself has filed IPR petitions against all asserted patents in these consolidated cases, simplification of the issues also favors a stay. Although simplification is more speculative now than it would be after preliminary institution decisions are issued by the PTAB, this Court has previously weighed this factor in favor of stay under such circumstances. *See Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV16-00437-AG (JPRx), 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016). The circumstances

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-02053 AG (JDEx) (Lead Case) | Date | August 9, 2019 |
|---|---|---|---|
| | SACV 18-02054-AG(JDEx) | | |
| | SACV 18-02224-AG(JDEx) | | |
| | SACV 19-00196-AG (JDEx) | | |
| | SACV 19-00428-AG (JDEx) | | |
| | SACV 19-00477-AG (JDEx) | | |
| Title | UNILOC 2017 LLC v. MICROSOFT CORPORATION (same name for all case nos.) | | |

presented here similarly support weighing simplification of the issues at least slightly in favor of a stay.

Plaintiff, a non-practicing entity, has not shown undue prejudice by the entry of a stay, either. The undue prejudice factor favors a stay.

For these reasons, and after considering the totality of the circumstances, the Court **GRANTS** Microsoft's motion and **STAYS** each of the above-consolidated cases. However, the Court will stay this matter only up until the last determination has been reached by the PTAB regarding whether it will institute the IPR proceedings. At that time, depending on the outcome of the PTAB's preliminary institution decisions, Plaintiff may choose to seek to reopen this case as to some or all of the asserted patents. The Court does not grant a full stay through the completion of any appeals stemming from instituted IPR proceedings at this time.

All pending dates in these consolidated matters are take **OFF-CALENDAR**, **EXCEPT** Microsoft's Motion for an Exceptional Case Determination as to closed case SACV 18-0158, which remains set for hearing August 19, 2019.

A status conference is set in this matter for January 13, 2020 at 9:00 AM, with a joint status report, not to exceed ten pages, due by January 6, 2020.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | mku | |